UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:23-CR-00055 DPM |
| | ) | |
| CHRISTOPHER MICHAEL ALSUP | ) | |

**JOINT MOTION FOR CHANGE OF VENUE
TO CENTRAL DIVISION**

This is set for trial in the Northern Division December 8, 2025. Defendant was indicted September 13, 2023 for child pornography and importuning a child, a total of 18 counts. The parties jointly move for a change of venue to the Central Division in Little Rock. Complicating this trial delay is the fact defendant also has two cases pending in Cross County, 19CR-23-193 & 19CR-23-284. He is represented by separate counsel in -193, but both lawyers are working together.

"The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed.R.Crim.P. 18. "Nothing in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held." *United States v. Stank,* 528 F.3d 581, 584-85 (8th Cir. 2008). The parties submit that the Rule 18 factors favor a change of venue.

*Convenience to witnesses:* The government has several witnesses from Little Rock, including the Arkansas State Crime Lab and FBI. There's a civilian witness from Cross County. The government has consulted with all its witnesses, and they find trial in Little Rock more

1

convenient. Potential defense witnesses haven't been determined, but the defense and his family have considered this as well: Wynne to Jonesboro, 46 miles but nearly an hour drive. Wynne to Little Rock, 102 miles and 90 minutes. The defense considers trial in Little Rock more convenient, all things considered, including defendant's incarceration.

*Convenience of the defendant and inmate transfer:* Defendant is detained, and he's in the White County Jail in Searcy. It's 81 miles from there to the courthouse in Jonesboro. It's 48 miles from there to the Little Rock courthouse. He will be transported daily.

*Custody in the courthouse:* It's plausible that defendant would be seen in custody in Jonesboro, but not in Little Rock, something worth guarding against. *See United States v. Worthey,* 716 F.3d 1107, 1116-17 (8th Cir. 2013) (M.S. Arnold, J., concurring).

*Convenience to court staff:* Convenience to almost all the other participants would be for trial in Little Rock. This is not a Rule 18 factor, but it kind of fits in "the prompt administration of justice."

Therefore, all things considered, the parties jointly move for a change of venue to the Central Division in Little Rock.

Respectfully submitted,

| | |
|---|---|
| KRISTIN H. BRYANT | JOHN WESLEY HALL |
| Ark. Bar No. 2009156 | Ark. Bar No. 73047 |
| Assistant United States Attorney | 1202 Main St.; Suite 210 |
| Post Office Box 1229 | Little Rock, Arkansas 72201 |
| Little Rock, Arkansas 72203 | 501-371-9131 |
| 501-340-2600 | forhall@aol.com |
| Kristin.Bryant@usdoj.gov | *Attorney for Defendant* |
| *Assistant U.S. Attorney* | |