# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

UNITED STATES OF AMERICA            PLAINTIFF

v.            No. 3:23-cr-55-DPM

CHRISTOPHER MICHAEL ALSUP            DEFENDANT

## ORDER

"Court for the Northern Division shall be held at Jonesboro." 28 U.S.C. § 83(a)(3). That is the general legal principle. Of course that principle can yield in compelling circumstances. That's the rule of reason embodied in Federal Rule of Criminal Procedure 18, which requires the Court, when setting the place of trial within the District, to give due regard for all the material circumstances. The Court has done so. It is not yet persuaded that those circumstances weigh strongly in favor of changing venue in this case from the Northern Division to the Central Division as the parties jointly request.

*First*, Alsup's convenience is less than clear. He is currently being held in White County, Arkansas. But the United States Marshal Service utilizes many facilities and moves detainees often. At the time of trial, he might be held in Greene County, Dallas County, or another County. We'll see. If he is not moved, considering traffic and construction, there's not much difference in travel time between Searcy and Jonesboro versus Searcy and Little Rock.

*Second*, the victims' convenience weighs against changing venue. Alsup is charged with attempting to produce child pornography plus receiving and distributing child pornography. The United States often makes the point that these crimes are not victimless, but rather affect the community as a whole. Alsup allegedly committed his crimes in Wynne, which is in the Northern Division. The Northeast Arkansas community has a stronger victim status, and a greater stake in Alsup's case, than folks in Central Arkansas.

*Third*, the witnesses. The Court understands that the United States intends to offer several witnesses from Little Rock. This is often the situation. While due some weight, if the centralization of most federal law enforcement is a controlling factor, then almost every federal criminal trial would be held in Little Rock. In addition, as the government notes, there is a civilian witness from Cross County.

*Fourth*, travel time more generally. The Court agrees that it's about an hour from Wynne to Jonesboro considering the two-lane roads, farm equipment, and such. But a similar realistic assessment of the travel time from Wynne to Little Rock is not the hour and a half asserted. Two hours is closer to the mark. The Court doesn't understand why, considering solely travel time, Alsup's Wynne-based family would prefer a longer trip each day for the trial.

*Fifth*, while the facilities in Jonesboro and Little Rock are materially different, the Marshal Service is vigilant about not mixing in-custody defendants with jurors and others. No circumstances are

-2-

perfect, but the Court is confident that this potential difficulty can be avoided. The differences in the facilities could weigh in favor of transferring a case involving a particularly dangerous or disruptive defendant. The Court isn't aware of any such issue here. Again, if the possibility of any defendant/juror passing contact was a controlling factor, then all in-custody defendants would be tried in Little Rock.

*Last*, the catch-all consideration—the prompt administration of justice—is really the sum of the parts with the added timing consideration. One reason the Court is denying the motion without prejudice is that the material circumstances might change. For example, the volume and location of criminal proceedings involving in-custody defendants during the week of 8 December 2025 might strain the Marshal Service's capacity, which would prompt the Court to reevaluate. This consideration, like Alsup's location, should and will be reevaluated when trial is a few weeks away.

*

Joint motion, *Doc. 29*, denied without prejudice.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

30 September 2025