## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO. 3:23-cr-00055-DPM** |
| | ) | |
| **CHRISTOPHER ALSUP** | ) | |

## <u>MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO INVALID SEARCH WARRANT</u>

COMES NOW the Defendant Christopher Alsup by and through his attorney Michael Kiel Kaiser of Lassiter & Cassinelli, and for his motion to suppress states:

On May 8, 2023, law enforcement illegally conducted searches and seizures of Alsup, his residence and outbuildings, his truck, and his property. Officers seized numerous items that Alsup expects the government to seek to introduce, including but not limited to:

- Alsup's cellphone in his truck;

- 11x DNA swabs from Alsup's truck;

- A Sandisk flash drive, ASUS laptop, black iPhone, black Toshiba portable hard drive, 2x CD-RW CDs, and a Sony 4MB memory card from inside Alsup's residence;

- A green adult sex toy from inside Alsup's residence;

- A camo backpack containing nude photos, Hentai books, and condoms seized from an outbuilding on Alsup's property; and

- A Toshiba laptop seized from an outbuilding on Alsup's property.

*See search warrant return, attached as Exhibit A.*

The search and seizure violated Alsup's constitutional right, "[t]he right of the people of this State to be secure in their persons, houses, papers and effects against unreasonable searches

and seizures shall not be violated and no warrant shall issue, but upon probable cause…" U. S.

Const. amend. IV.

I.    **The Issuing Judge Incorrectly Found Probable Cause for Issuance of the Search Warrant at Issue as the Affidavit Contained Insufficient Facts to Establish Probable Cause.**

The issuing judge incorrectly found probable cause for the issuance of the warrant

in the affidavit, as it did not contain facts sufficient as a matter of law to establish probable

cause. *See Illinois v. Gates*, 462 U.S. 213 (1983). Probable cause exists when the totality of

circumstances shows "a fair probability that contraband or evidence of a crime will be found in a

particular place. *Id.* at 238.

In order to support an application for a search warrant, "[t]here must be evidence of a

nexus between the contraband and the place to be searched." *United States v. Colbert*, 828 F.3d

718, 726 (8th Cir. 2016) (quoting *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)).

Factors in determining whether a nexus exists include "the nature of the crime and the

reasonable, logical likelihood of finding useful evidence." *Id.* (quoting *United States v.

Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999)).

The Eighth Circuit has recognized that "[c]onclusory statements made by affiants fail to

give the issuing magistrate a substantial basis for determining that probable cause exists." *United

States v. Summage*, 481 F. 3d 1075, 1077-1078 (8th Cir. 2007). The court is called to weigh the

facts and claims provided in order to make a determination and not to make a "mere ratification

of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

The affidavit for a search warrant presented by James Melton of the Cross County

Sheriff's Office on May 8, 2023 was insufficient as a matter of law and therefore was invalid,

2

and failed to state a nexus between any crimes alleged and the places to be search. *See affidavit for search warrant, attached as Exhibit B.*

The affidavit did not contain facts sufficient to constitute probable cause that evidence of any crime would be located in Alsup's home, outbuildings, and/or truck. The affidavit alleges there is probable cause to search for evidence "from the rape and sexual assault of fourteen (14) year old female, [d]igital images of fourteen (14) year old female, [c]ell phone(s), laptop(s), home computer(s), recording devices, memory cards, adult toys."

The affidavit made virtually no mention of the residence, only that the alleged victim alleged that Alsup sexually assaulted her inside the home and had video cameras in her bedroom. There were no specific facts to show that any evidence associated with these alleged offenses would be found inside the residence.

Here, there is no nexus. Even if there was probable cause to issue a search warrant–which Alsup does not concede–the Affidavit established no nexus between the purported criminal activity and the entire physical contents of the property at his residence, his car, and its outbuildings. That the sexual abuse allegedly occurred in the home and/or truck was insufficient to constitute probable cause to search those places for evidence generally. The search warrant authorized law enforcement to search these places for evidence "from the rape and sexual assault of fourteen (14) year old female," *Exhibit B at 1*, but did not explain what specific evidence was to be searched for.

Melton failed to put forward any specific facts to connect the allegation that Alsup sexually abused his daughter somewhere on the property at 806 Hwy 193 S, and all the personal property inside it.

The warrant itself allowed officers to search the residence, curtilage, vehicles, and persons located at the residence located at 806 Hwy 193 S in Wynne, and specifically commanded them to search for all digital devices, digital information stored on digital devices, DNA samples from Alsup, adult toys, any other evidence of a crime, and indicia of ownership. *See search warrant, attached as Exhibit C.* This gave officers the ability to scour every single inch of the Alsup property and seize virtually anything, including most intimate details about the lives of every single person who resided at or even merely visited.

Melton's conclusory allegations do not provide particular facts to support probable cause or to state any facts that articulate a nexus to the alleged crime. Rather, they allege that Alsup sexually abused his daughter and solicited her to send him nude photos, but does not explain how or why there is probable cause that there would be evidence of such in the residence, outbuildings, or truck. Simply put, the affidavit was lacking.

Here, the Affidavit falls far short of providing "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Hartje*, 25 F3d 771, 774 (8th Cir. 2001). Rather, the affidavit alleges that a crime occurred, but does not explain how evidence of such would be found in Alsup's residence and/or car. Thus, the Affidavit was insufficient to establish probable cause for the search warrant at issue.

At the very least, there was no nexus to the outbuildings on the property. Alsup's daughter alleged that the abuse occurred inside the residence and the truck, but not in any outbuilding. The outbuildings were not mentioned aside from in the property description and in the requested places to search. This Court must suppress all evidence found in the outbuildings, including a Toshiba laptop and its contents.

II.    **The Warrant's Overbreadth and Lack of Particularity Render It an Impermissible General Warrant.**

The Fourth Amendment's particularity requirement prevents officers from conducting "a general, exploratory rummaging of a person's belongings." *United States v. Saunders*, 957 F.2d 1488, 1491 (8th Cir. 1992). In assessing whether a warrant is sufficiently particular, the Eighth Circuit considers the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case. *United States v. Schave*, 55 F.4th 671, 675 (8th Cir. 2022).

The warrant is overly broad, is lacking the required particularity, and instead reads as a general warrant that permits inspection of the entire property and its outbuildings for speculative additional evidence. Courts have consistently held that general warrants are prohibited by the Fourth Amendment because of their "exploratory rummaging in a person's belongings." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). The Fourth Amendment states clearly that "no Warrants shall issue . . . [unless] *particularly describing* the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV (emphasis added).

The warrant commanded officers to search for "any other evidence of a crime" located anywhere in Alsup's home, on his property, or in his truck. *Exhibit C at 1*. The warrant probably should have been several different warrants, as it authorized the search of every part of Alsup's property, body, truck, and home in attempt to seize virtually anything. It was an impermissible general warrant accordingly.

Further, in *Riley v. California*, the United States Supreme Court held that a search warrant is generally required to search a cellphone. 573 U.S. 373, 386 (2014). *Riley* rejected the premise that permitting a search of all content on a cell phone is "materially indistinguishable"

from other types of searches. *Id.* at 393. *Riley* held that not only was it "a totally different thing to search a man's pockets and use against him what they contain, from ransacking his house for everything that *may* incriminate him", but also that the search of a cell phone was far more invasive than the search of a home might be. *Id.* at 396 (emphases added). The *Riley* holding favors the holding of *Ybarra v. Illinois*, where the Court held that a search warrant based on probable cause giving the police the ability to search a public tavern did not give the police the ability to search the patrons of that tavern and that the search of those people was in violation of the Fourth Amendment. 444 U.S. 85, 91 (1979). Therefore, in order for a search warrant to be issued for a piece of electronics, there must be a particularized probable cause specific to the particular components of the item itself.

Courts have held that even if an affidavit meets the probable cause standard in some respect, that probable cause does not permit the issuing judge license to issue a warrant for a general exploratory search. *Maryland v. Garrison*, 480 U.S. 79, 84-85 (1987). Absent unusual circumstances, probable cause is required to search each category of content. *Id.* at 395; *see also Carpenter v. United States*, 585 U.S. 296 (2018) (in a case regarding analyzing data from a phone's cell tower location signals separately, the Court held that the modern capability of data collection by electronic devices gave law enforcement a previously unheard of ability to unconstitutionally search and seize the most intimate details of a person's life by merely monitoring or accessing that person's electronic data–even when done by legal means). Further, the particularity requirement extends to all aspects of the proposed search and seizure, *i.e.*, what the police are looking for, the place they expect to find it, and the moment in time that they anticipate the item(s) to be there. *United States v. Grubbs*, 547 U.S. 90, 96 (2006). The Eighth Circuit clarified this in *In re Grand Jury Proceedings*, a case where an illegal and overbroad

search warrant was issued for all documents produced by a business during an extended period of time. 716 F.2d 493, 497-99 (8th Cir. 1983). There, the court held that the issued warrant was overbroad, explaining "[t]he scope of the search was otherwise unlimited: the warrant did not indicate that the documents sought pertained to any specific transactions, did not identify the offenses on which evidence was sought, and did not confine the search to any particular files or categories of documents." *Id.* at 497.

In *United States v. Winn*, the district court suppressed evidence gathered as a result of a similarly overbroad search warrant for a phone. 79 F.Supp.3d 904 (S.D. Ill. 2015). The court held that the search of a cell phone was unlawful and in violation of the particularity requirement, stating "[w]ith regard to the objects of the search . . . the warrant was facially overbroad, exceeded the probable cause to support it, and was not as particular as the circumstances would allow." *Id.* at 919. Specifically, the court took issue with the "any or all files" language in the affidavit and warrant, stating that the "police did not have probable cause to believe that *everything* on the phone was evidence of the crime of public indecency." *Id*. The court's conclusion emphasized the particularity requirement:

> [T]he complaint establishes that the police had probable cause to look for and seize a very small and specific subset of data on Winn's cell phone. But the warrant did not limit the scope of the seizure to only that data or describe that data with as much particularity as the circumstances allowed. Instead, the warrant contained an unabridged template that authorized the police to seize the entirety of the phone and rummage through every conceivable bit of data, regardless of whether it bore any relevance whatsoever to the criminal activity at issue. Simply put, the warrant told the police to take everything, and they did. As such, the warrant was overbroad in every respect and violated the Fourth Amendment.

*Id.* at 922. Thus, there must be a specific factual basis in the affidavit that connects each particular device to be searched to the crimes with which Alsup was initially charged.

The same defects are present in this case. There are no particularized facts justifying a search of the entire property. There are no particularized facts justifying a search of any and all

electronic devices. There are no particularized facts justifying a search of any and all electronic storage devices. The warrant did not identify any particular property to be searched or any particular information to be seized. "The scope of the search was otherwise unlimited: the warrant did not indicate that the [evidence] sought pertained to any specific transactions, did not identify the offenses on which evidence was sought, and did not confine the search to any particular files or categories of documents." *In re Grand Jury Proceedings*, 716 F.2d at 497. The search warrant authorized law enforcement to go into Alsup's residence, car, and outbuildings and rummage through his entire property. "Thus the warrant created the very risk of excessive intrusions by law enforcement authorities into private affair that the Fourth Amendment was intended to guard against." *Id.* at 498.

The list of evidence intended to be seized was overly broad, and the warrant itself did not did not restrict the search to items on the list. The unfettered search warrant contains no limits to its search, permitting a general exploratory search of any and all property, electronic devices, and the data within that existed on the premises. Further, this general warrant allowed police officers to rummage through the entirety of every single device located on the premises at will regardless of owner or user, and is comparable to issuing a warrant to search every room in a hotel based on an affiant's conclusory statements that there might be something of interest in one of the rooms in the building. Thus, this general warrant was issued without any type of restraint, is lacking probable cause, and is overly broad. Any evidence found as a result of this illegal search and seizure must be suppressed.

III.     **The Search Warrant at Issue Authorized Seizure but Not Search of Alsup's Phone and the Toshiba Laptop; This Court Must Suppress Law Enforcement's**

**Attempt to Search the Phone and Items Seized from Within the Laptop Accordingly.**

The search warrant at issue authorized law enforcement to seize—but not search—any cellphone or laptop they recovered on Alsup's property or in his truck. *Exhibit C at 1*. A search warrant is generally required to search a cellphone. *Riley, supra*. A warrant authorizing seizure of a cellphone does not confer authority to search its contents. *United States v. Russian*, 848 F.3d 1239 (10th Cir. 2017); *State v. Russo*, 336 P.3d 232 (Idaho 2014) ("A warrant authorizing the seizure of property does not authorize the search of that property.") ; *State v. Fairley*, 457 P.3d 1150 (Wash. Ct. App. 2020). "Different interests are implicated by a seizure than a search. A seizure affects the person's possessory interests; a search affects a person's privacy interests." *Segura v. United States*, 468 U.S. 796, 806 (1984).

Law enforcement's search of the Toshiba laptop and attempt to search Alsup's phone based on a search warrant that authorized only the seizure those items rather than a search of them was illegal, and this Court must suppress any evidence or testimony about the seizure and searches of these items accordingly.

## IV.     The Leon Good Faith Exception Does Not Save The Search.

In *United States v. Leon*, the Supreme Court modified the exclusionary rule for cases in which there has been Fourth Amendment violation. 468 U.S. 897 (1984). The Court did not, however, consider this a blanket exception as a matter of routine. *Id.* The Eighth Circuit has further held that because the purpose of the exclusionary rule is to deter unlawful police conduct, identifying four separate circumstances where the fruits of an unconstitutional search should be suppressed:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;

(2) when the issuing judge "wholly abandoned his judicial role" in issuing the
warrant;

(3) when the affidavit in support of the warrant is "so lacking in indicia of
probable cause as to render official belief in its existence entirely unreasonable";
or

(4) when the warrant is "so facially deficient" that no police officer could
reasonably presume the warrant to be valid.

*United States v. Houston*, 665 F.3d 991, 995 (8th Cir. 2012) (citing *Leon*, 468 U.S. at 923;

*United States v. Puckett*, 466 F.3d 626, at 630 (8th Cir. 2006)). In these instances, reliance on the

discernment of the issuing magistrate would *not* be objectively reasonable or in good faith and

would therefore not be subject to the good faith exclusion with evidentiary suppression

remaining the appropriate cure to the Fourth Amendment violation. *Leon*, 468 U.S. at 923.

Without the requisite particularized facts, details, or nexus, the affidavit is "bare bones,"

containing only suspicions, beliefs, or conclusions, without the requisite underlying factual basis

required to justify a warrant. *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005). More

specifically, whenever the affidavit is so "lacking in indicia of probable cause as to render

official belief in its existence entirely unreasonable," good faith reliance cannot cure the Fourth

Amendment violation. *Houston*, 665 F.3d at 995.

That is exactly the situation here. Here, the Affiant merely speculated that evidence of a

crime may be found somewhere within an unknown part of the property or an unknown number

of electronic devices located somewhere on the property. Because the Affiant does nothing more

than issue conclusory statements devoid of facts that show a nexus between any alleged crime

and these unnamed and unknown places and devices, the application lacks probable cause that

evidence of the alleged crimes is located anywhere on the property. Further, an experienced law

enforcement officer would have to have known that on their face the warrant wholly lacked

probable cause and was so overbroad as to be an unconstitutional general warrant.

10

Therefore, because the Affidavit lacked the requisite particularized probable cause, was overbroad and unfettered in scope, and was so obviously lacking in facts creating a nexus to the alleged crime, the search and seizure of any and all electronic devices from 806 Hwy 193 S was a violation of the Fourth Amendment and all evidence obtained as a result of this violation must be suppressed.

**V.     Alternatively, All Evidence Seized from the Residence, Outbuildings, and Truck Should Be Excluded as Irrelevant and Inadmissible Under Fed. R. Evid. 403.**

The government alleges it seized numerous CSAM images and videos from a Toshiba laptop seized from an outbuilding on Alsup's property when officers executed the search warrant at issue on May 8, 2023. While Alsup is facing several CSAM-related charges in this case, none of those charges arise from the Toshiba laptop or any file found on it. Whether Alsup possessed a laptop containing unrelated CSAM does not make any material fact in this case more or less likely. The evidence is irrelevant accordingly.

Any marginal relevance the evidence has—which Alsup does not concede—is substantially outweighed by the dangers of confusing the issues and unfair prejudice. The issue at this trial is whether Alsup was operating the mirandagrahamcracker Gmail account, not whether he possessed CSAM generally, but that is what the trial will become about.

Further, the sex toy containing only Alsup and his wife's DNA recovered from inside Alsup's residence is also irrelevant. Whether Alsup and his wife used sex toys with one another or not makes no material fact to this case more or less likely. Any marginal relevance the evidence has—which Alsup does not concede—is substantially outweighed by the dangers of confusing the issues and unfair prejudice. The issue at this trial is whether Alsup was operating the mirandagrahamcracker Gmail account, not whether he used sex toys with his wife in their marital home.

Lastly, the DNA evidence recovered in Alsup's truck is irrelevant. While the United States alleges that Alsup sexually assaulted his daughter in the truck, Alsup is not actually charged with any offense related to those allegations in this case. Whether there was semen or other DNA evidence located in the truck or not makes no material fact to this case more or less likely. Any marginal relevance the evidence has—which Alsup does not concede—is substantially outweighed by the dangers of confusing the issues and unfair prejudice. The issue at this trial is whether Alsup was operating the mirandagrahamcracker Gmail account, not whether he sexually abused his daughter, but that is precisely what the trial will become about.

None of the other seized items have any relevance to the charged offenses. All evidence seized pursuant to the search warrant at issue should be excluded as irrelevant and inadmissible pursuant to Fed. R. Evid. 403 accordingly.

Respectfully submitted,

LASSITER & CASSINELLI
1218 W 6th Street
Little Rock, Arkansas 72201
Office:  (501) 370-9300
Fax:      (501) 370-9306
Email:  Michael@LassCass.com

Michael Kiel Kaiser
MICHAEL KIEL KAISER (2015001)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was delivered on November 17, 2025, to AUSA Kristin Bryant by email and via electronic filing.

Michael Kiel Kaiser
MICHAEL KIEL KAISER
