IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          No. 3:23-cr-55-DPM

CHRISTOPHER MICHAEL ALSUP                                   DEFENDANT

### ORDER

1.  Alsup's motion to suppress, *Doc. 34*, is denied. With one caveat, he has not carried his burden of demonstrating any defect in the warrant or any Fourth Amendment violation.

The minor victim's statements, coupled with the emails and images on her phone, which the officer detailed in his affidavit, provided probable cause to search Alsup's pick-up and his home. Both were particularly described, as were electronic devices which were likely to contain evidence of the alleged abuse and child pornography. The warrant permitted law enforcement to not only seize but also search electronic devices.

That leaves the two sheds. Captain Melton's affidavit described them in detail. The warrant does not. The warrant covers "the residence" and "curtilage," but does not explicitly mention the sheds. In the Court's view, this raises two questions (though Alsup only argues the second). Did the warrant cover the sheds? And, if so, did the affidavit provide probable cause to search the sheds? The answer

to both questions is a close call. But the good faith exception saves these searches.

The warrant's general labeling of "the residence" could have included the sheds—it's not clear whether the issuing judge meant the entire property described in the attached affidavit* or just the main building. *Compare United States v. Pennington*, 287 F.3d 739, 744-45 (8th Cir. 2002). The sheds could have counted as "curtilage," too. *State v. Cashion*, 260 Ark. 148, 149, 539 S.W.2d 423, 424 (1976). Considering the totality of the circumstances, Captain Melton—who drafted the affidavit and executed the search—could have reasonably believed that the sheds fell within the scope of the warrant. *United States v. Shrum*, 59 F.4th 968, 974 (8th Cir. 2023).

Captain Melton and the other officers could have also reasonably relied on the judge's probable cause finding. The evidence of a nexus was thin. Neither the victim nor her mother made any connection between the alleged abuse and the sheds. Unlike with the pick-up and the home, for example, no abuse allegedly occurred there. But "an officer executing a search warrant may rely in the permissibility of the issuing judge's inference that such a nexus exists when that inference has common sense appeal . . . ." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). People store things in sheds. And there was a key detail

---

* The government says that the affidavit was attached to the warrant, *Doc. 40 at 8*, which Alsup doesn't dispute.

in the affidavit that supported an inference that Alsup would have hidden evidence near but outside his house.  The victim said that Alsup assaulted her in the house, but only "when his wife is not home." *Doc. 34-2 at 2*.  The Court will not suppress the shed evidence.

The United States' intention to supersede, adding a possession count, would address Alsup's relevance/unfair prejudice objections about the Toshiba laptop.  The computer's contents would be intrinsic to the new charge.  That evidence would be admissible under Rule 414 regardless.  The green sex toy was covered by the victim's statement. It's intrinsic to one or more of the production counts currently charged. Alsup's embedded motion to exclude under Rule 403 is therefore denied.

**2.**  Alsup's motion to exclude testimony "speculating" about what his cell phone contained had it been unlocked, *Doc. 36*, is granted with a carve out.  Speculation is inadmissible.  But law enforcement witnesses may testify that they were unable to access it.  That's what happened. And based on her personal knowledge, the minor victim can testify about how Alsup supposedly used his phone.

**3.**  Alsup's *Miranda* motion, *Doc. 35*, is granted.  His silence may not be used against him.  And while witnesses can testify that they were unable to access the phone, they are prohibited from testifying that Alsup refused to provide a passcode to open the device.

*

Alsup's motion to suppress, *Doc. 34*, is denied.  His motions *in limine*, *Doc. 35 & 36*, are granted as specified.

So Ordered.

*WPMarshall Jr.*
_____
D.P. Marshall Jr.
United States District Judge

12 December 2025